**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZIPPERTUBING (JAPAN), LTD.,<br><br>　　　　Defendant, | Civil Action No. 06-751-*** |

**ANSWER OF DEFENDANT ZIPPERTUBING (JAPAN), LTD.**

Defendant Zippertubing (Japan), Ltd. ("ZTJ") hereby answers the Complaint of Plaintiff Parker-Hannifin Corporation ("Parker") as follows:

1.　ZTJ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.　ZTJ admits the allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.　ZTJ admits subject matter jurisdiction of this Court as alleged in Paragraph 3 of the Complaint and waives objection to personal jurisdiction.

4.　ZTJ waives objection to venue of this Court as alleged in Paragraph 4 of the Complaint.

**THE PATENTS**

5.　ZTJ admits that U.S. Patent No. 6,387,523 ("the '523 patent") issued on May 14, 2002, but denies that it was duly and legally issued.  ZTJ denies that Parker has standing to assert the '523 patent.  ZTJ is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.

6. ZTJ admits that U.S. Patent No. 6,521,348 ("the '348 patent") issued on February 18, 2003, but denies that it was duly and legally issued. ZTJ denies that Parker has standing to assert the '348 patent. ZTJ is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint.

7. ZTJ admits that U.S. Patent No. 6,716,536 ("the '536 patent") issued on April 6, 2004, but denies that it was duly and legally issued. ZTJ denies that Parker has standing to assert the '536 patent. ZTJ is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint.

8. ZTJ admits that U.S. Patent No. 6,777,095 ("the '095 patent") issued on August 17, 2004, but denies that it was duly and legally issued. ZTJ denies that Parker has standing to assert the '095 patent. ZTJ is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

## PATENT INFRINGEMENT

9. ZTJ denies each and every allegation of Paragraph 9 of the Complaint.

10. ZTJ denies each and every allegation of Paragraph 10 of the Complaint.

## AFFIRMATIVE DEFENSES

11. ZTJ has not infringed and is not infringing any claim of the '523 patent, the '348 patent, the '536 patent or the '095 patent, either directly or by inducing or contributing to their infringement by others.

12. ZJT is not liable for infringement by reason of any acts in the United States because its activities in connection with the accused products take place outside the United States.

13. The claims of the '523 patent, the '348 patent, the '536 patent and the '095 patent are each invalid because they fail to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

14. The '523 patent, the '348 patent, the '536 patent and the '095 patent are invalid as a result of obviousness-type double patenting.

15. Parker is estopped by virtue of amendments and statements made during the course of prosecution of the '523 patent, the '348 patent, the '536 patent and the '095 patent from obtaining any construction of the claims of the patents that could cover any of ZTJ's products and the methods by which those products are made.

16. On information and belief, Parker and Parker Intangibles LLC have failed to comply with the provisions of 35 U.S.C. § 287(a) and are therefore barred from recovery of any damages prior to service of the Complaint.

## RESERVATION OF RIGHTS

17. ZTJ is still investigating this matter and has not yet had an opportunity to conduct any discovery, and therefore reserves the right to raise such additional defenses as may be appropriate upon further investigation and discovery.

**WHEREFORE,** ZTJ prays as follows:

A. That Parker take nothing by reason of its Complaint, and that judgment be entered for ZTJ;

B. That the '523 patent, the '348 patent, the '536 patent and the '095 patent, and each and every claim thereof be adjudged to be invalid, and that ZTJ be adjudged not to infringe such patent;

C. That the Court declare this an exceptional case and award ZTJ its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

D. That the Court grant such other and further relief as is just and proper.

Dated: July 18, 2007                    FISH & RICHARDSON P.C.


By: */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070
marsden@fr.com


*Attorneys for Defendant*
*ZIPPERTUBING (JAPAN), LTD.*

Of Counsel:

John B. Pegram
Michael Zoppo
FISH & RICHARDSON P.C.
Citigroup Center – 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
(212) 765-5070
mailto:marsden@fr.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2007, I electronically filed with the Clerk of Court this **ANSWER OF DEFENDANT ZIPPERTUBING (JAPAN), LTD.** using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the document was caused to be served on the attorneys of record, at the following addresses and in the manner indicated::

**VIA EMAIL AND HAND DELIVERY**

| | |
|---|---|
| Rudolf E. Hutz, Esquire<br>Harold Pezzner, Esquire<br>Francis DiGiovanni, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 N. Orange Street<br>Wilmington, DE 19801<br>rhutz@cblh.com<br>hpezzner@cblh.com<br>fdigiovanni@cblh.com | *Attorneys for Plaintiff*<br>*PARKER-HANNIFIN CORPORATION* |

        */s/ William J. Marsden, Jr.*
        William J. Marsden (#2247)

30351751.doc