IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION, and PARKER INTANGIBLES, LLC<br><br>        Plaintiff,<br><br>   v.<br><br>ZIPPERTUBING (JAPAN), LTD.,<br><br>        Defendant, | Civil Action No. 06-751-MPT |

**DEFENDANT ZIPPERTUBING (JAPAN), LTD'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070
Marsden@fr.com

John B. Pegram
John D. Garretson
David Loretto
Michael Zoppo
Citigroup Center – 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
(215) 765-5070

**ATTORNEYS FOR DEFENDANT
ZIPPERTUBING (JAPAN), LTD.**

**TABLE OF CONTENTS**

I.   NATURE AND STAGE OF THE PROCEEDING ............................................... 1

II.  SUMMARY OF ARGUMENT .............................................................................. 1

III. STATEMENT OF FACTS ...................................................................................... 2

IV.  ARGUMENT ............................................................................................................ 4

    A.   Leave to Amend Pleadings is Freely Given ............................................... 4

    B.   There is No Undue Prejudice to Parker ..................................................... 5

    C.   Parker Can Point To No Other Factor That Would Justify The Court's Departure From the Liberal Policy Favoring Granting Leave to Amend ........................................................................................... 6

V.   CONCLUSION ........................................................................................................ 7

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989)..........................................................................................4, 5

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
    402 U.S. 313 (1971).........................................................................................................6

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,
    668 F. Supp. 906 (D. Del. 1987)......................................................................................4

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990).............................................................................................5

*Enzo Life Sciences, Inc. v. Digene Corp.*,
    270 F. Supp. 2d 484, 490 (D. Del. 2003)…………………………………………...…7

*Foman v. Davis*,
    371 U.S. 178 (1962).........................................................................................................4

*In re Burlington Coat Factory Sec.*,
    114 F.3d 1410 (3d Cir. 1997)..........................................................................................4

*Kalman v. Berlyn Corp.*,
    914 F.2d 1473 (Fed. Cir. 1990).......................................................................................4

*Kiser v. General Elec. Corp.*,
    831 F.2d 423 (3d Cir.1987).............................................................................................4

*Lorenz v. CSX Corp.*,
    1 F.3d 1406 (3d Cir. 1993)....................................................................................4, 5, 6

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
    170 F.3d 1373 (Fed. Cir. 1999).......................................................................................6

*Talecris Biotherapeutics, Inc. v. Baxter Int'l Inc.*,
    2007 WL 1670387, at 1 (D. Del. June 7,2007)……………………………………….7

**STATUTES**

35 U.S.C. § 112....................................................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a) ....................................................................................................................4

Fed. R. Civ. P. 15(a)(2)................................................................................................................4

Fed. R. Civ. P. 16(b)(4) ………………………………………………………………...…7

I.  **NATURE AND STAGE OF THE PROCEEDING**

Parker-Hannifin Corporation ("Parker") filed this action on Dec. 8, 2006 against Zippertubing (Japan), Ltd. ("Zippertubing"), alleging infringement of four United States patents (collectively, the patents-in-suit"). On July 18, 2007, Zippertubing filed its Answer to Parker's Complaint. On January 10, 2008, Parker filed an Amended Complaint, which Zippertubing responded to on January 28, 2008.

Parker has also asserted these same patents in two other actions pending in this Court – Parker-Hannifin Corporation v. Seiren Co., Ltd., No. 07-cv-00104-MPT ("the Seiren litigation") and Parker-Hannifin Corporation v. Schlegel Electronic Materials, Inc., No. 07-cv-266-MPT ("the Schlegel litigation"). Until recently, all three cases were on the same discovery track.

The original Scheduling Order entered by the Court in this matter identified February 21, 2008 as the last day to amend or supplement the pleadings. The fact discovery cut-off date under that Order was May 30, 2008, approximately three months after the deadline to amend the pleadings. In the Schlegel litigation, Schlegel filed an Amended Answer and Counterclaim on Dec. 18, 2007, which included the identical inequitable conduct defense that Zippertubing now seeks leave to assert in this case. On April 25, 2008, the Court amended the Scheduling Order to extend fact discovery in the Zippertubing and Seiren litigation until November 14, 2008 (with the same cut-off date for expert discovery).

II. **SUMMARY OF ARGUMENT**

The law of the Third Circuit is clear. Leave to amend pleadings should be freely given absent a compelling, countervailing reason, such as undue prejudice to the nonmoving party, undue delay, bad faith or futility. Zippertubing's motion to amend does not unduly prejudice Parker. It simply seeks to preserve the same inequitable conduct defense that has already been

1

raised in the Schlegel litigation, since the three cases are no longer on the same schedule. Moreover, there are still three months left in discovery, nearly the same amount of time to complete fact discovery as the original Scheduling Order provided for following the deadline for amendments to the pleadings.

Zippertubing's Amended Answer will not result in duplicative discovery or undue delay. Neither Parker nor Zippertubing has taken a deposition yet, and discovery is not scheduled to close until November 14, 2008. For all of these reasons, Zippertubing respectfully submits that its motion to amend should be granted.

### III.    STATEMENT OF FACTS

In separate actions in this Court, Parker has asserted a total of five patents against Zippertubing, Schlegel and Seiren. Although it was originally contemplated that these cases would be tried separately, they had been proceeding under a consolidated discovery schedule.

In the Court's September 11, 2007 Scheduling Order entered in all three cases (the "original Order"), the last day to amend or supplement the pleadings was February 21, 2008 and the discovery cut off date was May 30, 2008, approximately three months after the deadline to amend the pleadings.[1] On April 25, 2008, the Court amended its Scheduling Orders in the Seiren and Zippertubing litigations to extend fact discovery until November 14, 2008.[2]

Before the date specified in the original Order, Schlegel filed an Amended Answer and Counterclaims. Among other things, Schlegel pled inequitable conduct as an affirmative defense

---

[1] D.I. 16 (Scheduling Order at ¶¶ 2 and 3.c, Parker-Hannifin Corp. v. ZipperTubing (Japan), Ltd., No. 07-cv-751-MPT (D. Del. Sept 11, 2008)).

[2] After the deadline for amending the pleadings in the original Order, the issue of placing the Schlegel litigation on a separate track was raised. This ultimately occurred. *See* April 14, 2008 e-mail correspondence between parties' counsel, attached to the Declaration of William J. Marsden, Jr. as Exhibit A (hereinafter "Marsden Decl. Ex. –").

2

and gave a detailed account of Parker's misconduct.[3] Zippertubing did not duplicate Schlegel's assertions at that time because it was unnecessary. If the patents-in-suit were to be held invalid and unenforceable in the Schlegel litigation, that outcome would apply equally to Zippertubing and Seiren. Moreover, the parties were proceeding under a consolidated discovery schedule with the same trial-ready date.

Schlegel and Parker apparently began settlement negotiations in late March or early April 2008, after the deadline for amending the pleadings.[4] On April 14, 2008, Schlegel and Parker apparently reached an agreement to settle all of their respective claims.[5] According to Schlegel, Parker reneged on this agreement several weeks later, and Schlegel was forced to file a Motion To Enforce Settlement Agreement.[6] On June 6, 2008, the parties stipulated that all activities in the case would be stayed until Schlegel's motion is decided.[7] As a result of this stay, the Schlegel litigation is no longer proceeding on the same trial-ready schedule as the Seiren and Zippertubing litigations, and it is uncertain if the case will ever be tried. Accordingly, it is no longer certain that Schlegel will prosecute its inequitable conduct defense. Because Zippertubing believes the facts pled in Schlegel's previously filed Amended Answer support a finding of inequitable conduct, it seeks leave to add that defense, based on the same facts, to its Answer in this case.

On July 31, 2008, Zippertubing and Seiren asked Parker if it would oppose this motion

---

[3] D.I. 29 (Schlegel litigation) (Amended Answer And Counterclaim Of Defendant Schlegel Electronic Materials, Inc., at 3-14, Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc., No. 07-cv-266-MPT (D. Del. Dec. 18, 2008)).
[4] D.I. 38 (Schlegel litigation) (Defendant's Memorandum In Support Of Its Motion To Enforce A Settlement Agreement, Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc., No. 07-cv-266-MPT (D. Del. May 28, 2008)).
[5] *Id.*
[6] *Id.*
[7] D.I. 41 (Schlegel litigation) (Stipulation To Stay Activities Pending Resolution Of Defendant's Motion To Enforce A Settlement Agreement, Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc., No. 07-cv-266-MPT (D. Del. June 6, 2008)).

to amend.[8] Parker's attorneys requested time to consult with their client. Zippertubing's attorneys followed up again on August 7, 8 and 12, 2008.[9] On August 12, Parker stated that it would oppose this motion.[10]

As a result of the stay in the Schlegel litigation, as well as Parker's continued assertion of three remaining patents against Seiren and Zippertubing, Zippertubing seeks leave to amend its Answer to assert that those patents (the "'536 patent," the "'348 patent," and the "'095" patent), are invalid and unenforceable because of Parker's inequitable conduct before the U.S. Patent Office.

## IV. ARGUMENT

### A. Leave to Amend Pleadings is Freely Given

Fed. R. Civ. P. 15(a) states that "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."); *In re Burlington Coat Factory Sec.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit treats Rule 15(a) motions generously, as "courts have shown a strong liberality in allowing amendments under Rule 15(a)." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citations omitted). "In the absence of any apparent or declared reason . . . the leave should, as the rules require, be freely given." *Id.*; *Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1479 (Fed. Cir. 1990).

Denial of leave to amend is generally limited to situations where the non-moving party will be substantially prejudiced by the amendment. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Bechtel*, 886 F.2d at 652; *Lorenz v. CSX Corp.*, 1

---

[8] Marsden Decl., Ex. B (August 7, 2008 e-mail correspondence between parties' counsel).
[9] Marsden Decl., Ex. C (August 7 and 12, 2008 e-mail correspondence between parties' counsel).

F.3d 1406, 1413-14 (3d Cir. 1993). The burden to show prejudice rests on the non-moving party. *Kiser v. General Elec. Corp.*, 831 F.2d 423, 428 (3d Cir.1987); *See also Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 668 F. Supp. 906, 921-22 (D. Del. 1987) (finding that conclusory allegations of prejudice will not suffice to defeat a motion to amend). It requires that "the non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Bechtel*, 886 F.2d at 652 (internal quotations omitted). Where no prejudice exists, "denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414.

    **B.**    **There is No Undue Prejudice to Parker**

In order to show prejudice, "[Parker] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (finding no hardship where the facts and circumstances of new allegations were similar to the original allegations). Prejudice sufficient to justify denial usually entails new claims or factual assertions brought after discovery had closed or during the later stages of discovery. *See Bechtel*, 886 F.2d at 652.

Here, Zippertubing seeks to add the same inequitable conduct defense that was already raised in the Schlegel litigation.[11] Parker will not be surprised or prejudiced as a result. Indeed,

---

[10] Marsden Decl., Ex. D (August 12, 2008 e-mail correspondence between parties' counsel).
[11] *Compare* D.I. 29 (Schlegel litigation) (Amended Answer and Counterclaim of Defendant Schlegel Electronic Materials, Inc.*, Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*, No. 07-cv-266 (D. Del, Dec. 18, 2007)) *with* Zippertubing's Amended Answer To First Amended Complaint, attached to Zippertubing's Motion for Leave to File an Amended Answer to First Amended Complaint as Exhibit A.

5

very little additional discovery will be necessary. The factual bases for the defense have already been detailed in Schlegel's pleading—namely: (1) Parker's inconsistent statements to the U.S. Patent Office (which are a matter of public record); and (2) the invalidity of the patents-in-suit under 35 U.S.C. § 112.

There are three months remaining in the discovery period. Although documents have been produced, neither Parker nor Zippertubing have taken any depositions. Thus, there will be no duplicative discovery and the proposed amendment will not add significantly to the parties' litigation costs.

      C.      **Parker Can Point To No Other Factor That Would Justify The Court's Departure From the Liberal Policy Favoring Granting Leave to Amend**

In the absence of prejudice, "denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414. Many of these factors are plainly inapplicable. Parker may argue that the motion for leave to amend should be denied because of undue or unexplained delay. However, it cannot meet its burden because any delay is largely due to Parker's own lack of diligence in prosecuting this case.

The original deadline to amend the pleadings was approximately three months before the close of discovery. (D.I. 16, ¶¶ 2, 3.c.) The discovery cut-off date was then extended to November 14, 2008, at Parker's request. At that time, Zippertubing did not seek to extend the deadline to amend or supplement the pleadings, because the charge of inequitable conduct was still pending in the Schlegel litigation and it did not appear that case would be stayed (or possibly dismissed in the future). There was no need for Zippertubing to assert inequitable conduct itself. If the patents were found invalid and unenforceable in the Schlegel litigation, they would be unenforceable against all others as well. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,

6

402 U.S. 313 (1971) (holding that once a patent's claims are held to be invalid, an unrelated party who is sued for infringement of those claims may benefit from the previous ruling of invalidity due to collateral estoppel); *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1379-82 (Fed. Cir. 1999) ("An unrelated accused infringer may likewise take advantage of an unenforceability decision under the collateral estoppel doctrine.").

Furthermore, had the parties sought to extend the deadline to amend the pleadings in the April 25, 2008 Scheduling Order, the new date would likely have been in mid-August of 2008, approximately three months before the close of discovery. This would have been similar to the deadline in the original Order). Zippertubing initiated the present discussion with Parker at the end of July 2008, but Parker did not respond until August 12, nearly two weeks later. Thus, the present motion is both timely and apposite.[12]

## V.    CONCLUSION

For all of the reasons above, Zippertubing's motion to amend its Answer to preserve the defendants' previously-pled inequitable conduct defense should be granted.

---

[12] For all of the reasons explained above, Zippertubing has also satisfied the "good cause" standard under Rule 16(b)(4), Fed. R. Civ. P., for modifying the current Scheduling Order. *See e.g., Talecris Biotherapeutics, Inc. v. Baxter Int'l Inc.,* 2007 WL 1670387, at *1 (D. Del. June 7, 2007) ("[C]ourts often evaluate whether a movant has shown good cause by considering the movant's articulated reasons under the Rule 15 standard."); *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003) (finding that the "good cause" standard was satisfied because there was no undue delay or likelihood of prejudice under Rule 15). In particular, there is surprise here because the proposed amendment incorporates the same inequitable conduct defense pled on December 18, 2007 in the Schlegel litigation. Moreover, it did not become clear until recently that the Schlegel litigation was not on the same trial track – and the status of that case is still unresolved.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | FISH & RICHARDSON P.C. |
| Dated:  August 18, 2008 | By: */s/ William J. Marsden*, Jr.<br>William J. Marsden, Jr. (#2247)<br>919 N. Market Street, Suite 1100<br>Wilmington, DE 19899-1114<br>(302) 652-5070<br>marsden@fr.com<br><br>John B. Pegram<br>John D. Garretson<br>David Loretto<br>153 E. 53rd Street, 52nd Floor<br>New York, NY 10022<br>(212) 765-5070<br><br>        Attorneys for Zippertubing (Japan), Ltd. |

**CERTIFICATE OF SERVICE**

**I hereby certify that on August 18, 2008, I electronically filed with the Clerk DEFENDANT ZIPPERTUBING (JAPAN), LTD'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN AMENDED ANSWER Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:**

| | |
|---|---|
| Rudolf E. Hutz, Esq.<br>Francis Digiovanni<br>Steven A. Nash<br>Connolly, Bove, Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE  19801 | Attorneys for Plaintiff<br>PARKER-HANNIFIN CORPORATION |

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ William J. Marsden, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　William J. Marsden, Jr. (#2247)

9