

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

**WILMINGTON, DE**

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

**Francis DiGiovanni**
Partner

**TEL** (302) 888-6316
**FAX** (302) 658-5614
**EMAIL** fdigiovanni@cblh.com
**REPLY TO** Wilmington Office

August 26, 2008

## VIA ELECTRONIC FILING

Magistrate Judge Mary Pat Thynge
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

> Re:    *Parker-Hannifin Corporation v. Zippertubing (JAPAN), Ltd.*
>         Civil Action No. 06-751-MPT

Dear Judge Thynge:

I write on behalf of Parker-Hannifin Corporation ("Parker") in connection with the discovery conference scheduled for August 28, 2008. (D.I. 61.) Zippertubing asked for the conference to discuss Parker's request that the Court authorize the U.S. Consulate at Osaka-Kobe, Japan to conduct depositions.

Discussions with Zippertubing's counsel have since revealed that the disagreement among the parties reaches far beyond the depositions. Accordingly, the parties have agreed that each would send a letter to the Court 48 hours prior to the conference, and a brief reply 24 hours prior.

In advance of the depositions and opening expert reports, Parker recently completed its review of numerous Japanese-language documents produced by Zippertubing. The review revealed that Zippertubing's production consists almost exclusively of activity prior to the filing dates of the patents-in-suit. Except for a scant few letters between Zippertubing and Underwriter's Laboratories, the production fails to include a single document, electronic or otherwise, relating to Zippertubing's accused "65T" or "81T" products. Documents relating to the accused products are clearly requested in Parker's document requests and should have been produced long ago. The information withheld includes all documents and electronically stored information (ESI) relating to sales (customers, price, and quantity), marketing plans, materials used to make the gaskets, methods of manufacture, and communications regarding same. It appears that Zippertubing has substantially limited its production to alleged prior art activities.

Based on discussions over the past few days, Zippertubing's withholding of responsive documents is deliberate, and Zippertubing affirmatively refuses to produce them. Parker understands that Zippertubing's objections extend to all forms of discovery,

Magistrate Judge Mary Pat Thynge
August 26, 2008
Page 2 of 3

including depositions, document production, and Interrogatories. Accordingly, Zippertubing refuses to provide even basic information in any form relating to the core issues in the case.[1]

Zippertubing contends that it is not subject to discovery on these basic issues because such discovery would be a violation of Japanese sovereignty. Parker's counsel has reviewed various cases cited by Zippertubing in support of its position, and has found nothing supporting it. Rather, the Supreme Court has consistently held that a court has the power to impose discovery under the Federal Rules when it has personal jurisdiction over a foreign party. *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 544 n.4 (1987) (Blackmun, J., dissenting in part). Applying this principle, a Japanese party, such as Zippertubing, is subject to the discovery provisions of the Federal Rules where personal jurisdiction lies. *In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 45, 55 (D.D.C. 2000).

In the instant case, Zippertubing has twice waived any defense of lack of personal jurisdiction. *See* Zippertubing Answer (D.I. 7) ¶3; Zippertubing Proposed Amended Answer (D.I. 56-2) ¶4. Having done so, Zippertubing cannot now claim that it is not subject to jurisdiction or the rules of this Court, including the discovery rules.

Further, Zippertubing has availed itself of the Federal Rules of Civil Procedure and taken advantage of the Rules to propound discovery upon Parker. *See* Zippertubing's First Set of Interrogatories (Jan. 4, 2008) ("Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Zippertubing . . . directs the following interrogatories to Plaintiff Parker-Hannifin."); Zippertubing's First Set of Production Requests (Jan. 4, 2008) ("Zippertubing . . . requests that Plaintiff Parker-Hannifin . . . produce for inspection and copying . . . pursuant to the Federal Rules of Civil Procedure, the local rules of this court, and this court's Default Standard for Discovery of Electronic Documents."). Zippertubing has also availed itself of Rule 45 to issue subpoenas on three U.S.-based third parties. Zippertubing desires to use the rules of this Court when they suit it, yet claims exemption from them when they are inconvenient. Such conduct should not be tolerated.

Parker requests that this Court find that Zippertubing is subject to all discovery provisions of the Federal Rules of Civil Procedure and the Default Standard for Discovery of Electronic Documents. Further, Parker requests the following:

- The Court compel production of all documents responsive to Parker's Document Requests without any objections based on Japanese sovereignty

---

[1] Yesterday, Mr. Pegram offered over the telephone to disclose the identity of the Seiren fabrics used to make "65T" or "81T."

Magistrate Judge Mary Pat Thynge
August 26, 2008
Page 3 of 3

       or the like, including the production of ESI in accordance with this Court's Default Standard for Discovery of Electronic Documents.

- The Court order Zippertubing to supplement its answers to all of Parker's Interrogatories to the extent any answer was fully or partially withheld based on objections relating to Japanese sovereignty.

- The Court's assistance in resolving the parties' disagreement on the proper scope of Zippertubing's depositions, such that Parker is permitted to examine on all issues relevant to the case, including topics relating to sales (customers, price, and quantity), marketing plans, channels of trade, the materials used to make the gaskets, methods of manufacture, and communications regarding same.

- If Zippertubing refuses to voluntarily produce appropriate witnesses for depositions on all relevant topics in Osaka-Kobe, Japan and without the above objections, Parker requests that the Court order the proposed deponents to appear in Delaware for depositions, where the Court could oversee the depositions and ensure compliance with the Federal Rules.

- To the extent Zippertubing's improper conduct has delayed the case and impaired Parker's ability to prepare expert reports and take effective depositions as currently scheduled, Parker requests that expert and fact discovery be extended and, if necessary, new dates for dispositive motions and trial be established. Parker cannot determine whether an extension is necessary until Zippertubing commits to document and witness production dates.

Parker thanks Your Honor for her time and attention to this matter.

                     Very truly yours,

                     Francis DiGiovanni

SN/el

cc:    Clerk of Court (via Electronic Filing)
       John B. Pegram, Esq. (via email)
       William J. Marsden, Jr. (via email)

631238v1