**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

**WILMINGTON, DE**

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614
WEB www.cblh.com

**Francis DiGiovanni**
Partner

TEL (302) 888-6316
FAX (302) 658-5614
EMAIL fdigiovanni@cblh.com
REPLY TO Wilmington Office

August 27, 2008

**VIA ELECTRONIC FILING**

Magistrate Judge Mary Pat Thynge
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

      Re:    *Parker-Hannifin Corporation v. Zippertubing (JAPAN), Ltd.*
             Civil Action No. 06-751-MPT

Dear Judge Thynge:

      I write on behalf of Parker-Hannifin Corporation ("Parker") in reply to Zippertubing's letter of August 26, 2008 concerning Parker's deposition notices to Zippertubing. (D.I. 63.) Zippertubing proposes to limit the scope of the depositions to acts by Zippertubing in the United States. At the same time Zippertubing states that it performs no acts in the United States—limiting the proposed scope of the depositions narrowly indeed.

      Zippertubing cites case law for the proposition that inducement of patent infringement requires evidence of culpable conduct, directed to encouraging another's infringement. In the instant case, this would be, for example, Zippertubing's marketing plans and efforts to encourage its customers to import infringing gaskets into the United States. Yet in an effort to prevent Parker from obtaining this very evidence, Zippertubing attempts to block all discovery of activity respecting its accused products, refusing even to reveal who its customers are—let alone the communications between them.

      Zippertubing appears to base its objections to depositions (and other discovery) on the idea of Japanese sovereignty (addressed in Parker's August 26 letter) and the erroneous notion that foreign activity cannot constitute inducement of patent infringement. In support of its position, Zippertubing cites to numerous cases, which Zippertubing admits fail to address the issue. The cases cited by Zippertubing with respect to extraterritorial effect of the patent laws address direct infringement, i.e., under 35 U.S.C. § 271(a), infringement under § 271(f), or other unrelated matters—addressed here in order of appearance[1]: *Dowagiac Manufacturing Co. v. Minnesota Moline Plow Co.*, 235 U.S. 641, 650 (1915) (standing for the unremarkable proposition that the sale of articles in Canada does not infringe a U.S. patent); *Voda v. Cordis Corp.*, 476 F.3d 887, 902 (Fed. Cir. 2007) (quoting *Dowagiac* and holding that U.S. courts

---

[1] Parker has attempted to comply with the Court's request for limited citation of authority (D.I. 16, ¶3.f.), in light of the brief-like nature of Zippertubing's opening letter, Parker is constrained to respond in kind.

Magistrate Judge Mary Pat Thynge
August 27, 2008
Page 2 of 3

cannot adjudicate infringement of foreign patents); *Pellegrini v. Analog Devices, Inc.,* 375 F.3d 1113, 1115 n.3 (Fed. Cir. 2004) (deciding the issue of infringement under § 271(f) with respect to products never imported into the U.S., and explicitly not addressing plaintiff's inducement claim); *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 246 (1991) (Title VII of the Civil Rights Act does not regulate the employment practices of United States firms that employ American citizens abroad); *Deepsouth Packing Co. v. Laitram Corp.,* 406 U.S. 518, 527 (1972) (indirect infringement requires an act of direct infringement within the United States); *Microsoft Corp. v. AT & T Corp.*, 127 S. Ct. 1746, 1751 (2007) (software from the United States that is copied and installed on computers overseas does not infringe a U.S. patent on the programmed computer under § 271(f)). None of these cases address inducement of infringement under § 271(b), and all are irrelevant.

In implying that the Federal Circuit has never addressed whether foreign activity can be the basis for inducement liability under 35 U.S.C. § 271(b), Zippertubing is simply wrong. Zippertubing misreads *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1344 (Fed. Cir. 2001) in believing that the case requires activity in the United States by the liable party. In that case, TriTech sold infringing chips to Defendant OPTi overseas, which resold the chips into the U.S. computer market. *Id* at 1344. Zippertubing's citation to Tritech's facility in California is a red herring because the court found no relevant activity occurred there. *Id.* at 1351. The Federal Circuit explained:

> TriTech did not practice the claimed '899 method in the United States. Tritech, therefore, cannot be liable for direct infringement under 35 U.S.C. § 271(a). TriTech's acts in connection with selling its chip to OPTi, however, constitute active inducement under 35 U.S.C. § 271(b).
>
> Inducement only occurs if the party being induced directly infringes the patent. The verdict form and jury instructions in the present case required the jury to make findings on literal infringement, not direct infringement. The jury found that both OPTi and TriTech infringed claim 4 of the '899 patent. The parties do not dispute that any infringement by OPTi was direct because OPTi practiced the claim method of the '899 patent in the Unites States. The trial court properly instructed the jury to assess whether TriTech literally infringed by actively inducing OPTi's direct inducement. Thus, because the jury found infringement by OPTi, this court discerns no error in the jury's verdict of literal infringement by TriTech.

*Crystal Semiconductor*, 246 F.3d at 1351 (citations omitted).

Cases have routinely held that inducement of patent infringement can be based exclusively on foreign activity. *See Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137, 1139 (7th Cir. 1975) (activities occurring exclusively in Germany constituted inducement of infringement where manufacturer of photographic flash equipment sold to third party U.S. importer with knowledge they would go to the United States); *Kabushiki Kaisha Hattori Seiko v. Refac Technology Dev. Corp.*, 690 F. Supp. 1339, 1344 (S.D.N.Y. 1988) (a seller of a product sold abroad for resale in the United States may be liable for inducing infringement under 35 U.S.C. § 271(b), "even though that seller neither made, used nor sold the product in the United

Magistrate Judge Mary Pat Thynge
August 27, 2008
Page 3 of 3

States."); *Akzona Inc. v. E.I. du Pont de Nemours & Co.*, 662 F. Supp. 603, 613 (D. Del. 1987); ( "inducing activity may take place outside of the United States, so long as the direct infringement occurs within the United States"); *Nippon Electric Glass Co. v. Sheldon*, 489 F. Supp. 119, 122 (S.D.N.Y. 1980) ("Unlike direct infringement, which must take place within the United States, 35 U.S.C. § 271(a), contributory infringement under 35 U.S.C. § 271(b) or (c), does not require any activity by the contributory infringer in this country, as long as the direct infringement occurs here"); *Engineered Sports Prods. v. Brunswick Corp.*, 362 F. Supp. 722, 724-25 (D. Utah 1973) (purposeful introduction of foreign-manufactured ski boots into distribution channels leading into the United States is inducement of infringement).

Recently the Federal Circuit again endorsed the long-standing rule that foreign activity is sufficient to constitute inducement under § 271(b) in *DSU Medical Corp. v. JMS Co.* by approving a jury instruction stating that "[u]nlike direct infringement, which must take place within the United States, induced infringement does not require any activity by the indirect infringer in this country, as long as the direct infringement occurs here." *DSU Medical*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).

The remaining cases cited by Zippertubing are inapplicable to its incorrect position that inducement is limited to acts occurring within the United States. As admitted by Zippertubing, *MEMC Electronic Mat'ls, Inc. v. Mitsubishi Mat'ls Silicon Corp.* did not decide the issue. *MEMC*, 420 F.3d 1369, 1379 (Fed. Cir. 2005). In *Int'l Rectifier Corp. v. Samsung Elecs. Co.*, the court merely determined that foreign sales did not violate an injunction whose language tracked that of § 271(a). *Int'l Rectifier*, 362 F.3d 1355, 1360 (Fed. Cir. 2004). The Court clearly explained that the language of § 271(a) (on direct infringement), and thus the injunction, does not apply to foreign conduct. *Id.* Like *MEMC* and all of the other cases cited by Zippertubing, *Int'l Rectifier* does not address inducement under § 271(b).

Because Zippertubing's activities within Japan can constitute inducement of infringement (and Parker believes that they do), Parker should be permitted to take discovery with respect to those activities in order to prove its case. As Zippertubing itself points out, a showing of inducement requires culpable conduct, directed to encouraging another's infringement. Thus, exploration of Zippertubing's activities with respect to its current products is important to the case hand. Accordingly, the relief requested in Parker's letter yesterday should be granted.

Parker thanks Your Honor for her time and attention to this matter.

Very truly yours,

*/s/ Francis DiGiovanni*

Francis DiGiovanni

SN/el

cc:   Clerk of Court (via Electronic Filing)
      John B. Pegram, Esq. (via email)
      William J. Marsden, Jr. (via email)

631503v1