**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

PARKER-HANNIFIN CORPORATION,        :
                                    :
                  Plaintiff,        :
                                    :
            v.                      :        Civil Action No. 06-751-MPT
                                    :
ZIPPERTUBING (JAPAN), LTD.,         :
                                    :
                  Defendant.        :

**MEMORANDUM ORDER**

**Introduction**

This is a patent action filed by Parker-Hannifin Corporation ("Parker") on

December 8, 2006 against Zippertubing (Japan), Ltd. ("Zippertubing") which alleges

infringement of four United States patents.  Zippertubing filed its answer to Parker's

complaint on July 18, 2007.  On January 10, 2008, Parker amended its complaint,

which Zippertubing answered on January 28, 2008.  Presently before the court is

Zippertubing's motion to amend its answer to the first amended complaint to add claims

of inequitable conduct.

The same patents are also asserted in two other actions in this court – Parker-

Hannifin Corporation  v. Seiren Co., Ltd., 07-cv-104-MPT  ("Seiren litigation") and

Parker Hannifin Corporation v. Schlegel Electronic Materials, Inc., 07-cv-266-MPT

("Schlegel litigation").  Originally, all three cases were on the same schedule.

In the first scheduling order in the present matter, February 21, 2008 was the last

day to amend or supplement the pleadings.  The fact discovery cut-off date was

originally May 30, 2008.  In the Schlegel litigation, Schlegel filed an amended answer

and counterclaim on December 21, 2007 which asserted equitable conduct defenses. The second scheduling order in the Zippertubing matter dated April 25, 2008 extended fact discovery until November 14, 2008.  Recently, the entire scheduling order has been amended again extending fact discovery until the end of February 2009, along with other date changes for expert discovery, case dispositive motions, and the pretrial and trial dates.

Zippertubing moved on August 19, 2008 to amend its answer to add the same inequitable conduct defenses raised in the companion Schlegel litigation.  Parker opposes that motion.

**Parties Positions**

Zippertubing contends that it should be allowed to amend its answer to include the inequitable conduct defenses of which Parker has been aware for nine months. Zippertubing did not duplicate Schlegel's assertions of inequitable conduct because at the time it claims that it was unnecessary to do so.  Zippertubing contends that if the patents-in-suit were held invalid and unenforceable in the Schlegel litigation, the outcome would apply equally to Zippertubing and Seiren,[1] and the parties were following a consolidated discovery schedule with the same trial-ready date. Zippertubing notes that in April 2008 Parker and Schlegel reached an agreement to settle all of their respective claims.  Since that time, falling out between those parties has occurred, with Schlegel claiming that Parker has renege on the settlement. Schlegel filed a motion to enforce the settlement agreement and as a result of that

---

[1] Parker has since indicated its willingness to dismiss the Seiren litigation.

motion, all activities in the Schlegel litigation are stayed until the decision is rendered on the motion.  Zippertubing notes that due to the stay, Schlegel is no longer on the same trial ready schedule and it is uncertain whether the Schlegel matter will ever be tried, including the inequitable conduct claims.  Hence, Zippertubing's present motion.

Zippertubing contends that leave to amend is to be given freely and there is no undue prejudice to Parker.  It maintains that the amendment is not futile and that the proposed amendment, satisfies the relevant pleading requirements of Fed. R. Civ. P. 8 and 9(b).  Further, in evaluating the proposed amendment, Zippertubing notes that the standard under Rule 12 (b)(6) applies, which means that the court does not look beyond the proposed pleading and must accept as true all reasonably plead factual allegations.  Zippertubing maintains that Parker's arguments require the court to weigh evidence and address disputed factual allegations, rather than any alleged defective pleading.

Zippertubing seeks to add three theories for inequitable conduct, that is, the '137 patent theory, the three part combination theory and the Petras theory.  Parker opposes the motion on the grounds that the proposed theories for inequitable conduct are futile. Parker argues that the '137 patent is not material to patentability because it is not prior art and is not material to the other limited requirements for patentability, specifically, best mode or enablement.

Parker maintains that the second theory propounded for inequitable conduct, the three-part combination theory, is not necessary to practice the patents-in-suit or for the best mode.  Parker notes that its commercial embodiment of the invention does not use the three-part combination of the '137 patent.  In support of that argument, Parker relies

upon the affidavit of Michael Bunyan, an inventor of the '137 patent.

Parker contends that the Petras theory fails because it is not material to patentability of any claim of the patents-in-suit and is cumulative of the prior art admitted in the specification of those patents.

**Applicable Law**

Under FRCP 15(a), leave to amend "shall be freely given when justice so requires." The decision to grant a motion to amend falls within the sound discretion of the court.[2] Rule 15 clearly embodies a liberal approach to the allowance of amendments. It requires the court to grant leave to amend where there is no prejudice or delay.[3] It promotes a policy of favoring decisions on the merits.[4] Leave to amend, however, may be denied where "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." [5]

In determining futility, the court applies the same standard for legal sufficiency as under Rule 12(b)(6), which requires the court to "accept all factual allegations in the complaint as true and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom."[6] As a result, when drawing all reasonable inferences in favor of Zippertubing, amended pleadings are only insufficient if "no relief could be

---

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[3] *Charpentier v. Godsil*, 937 F.3d 859, 864 (3d Cir. 1991).
[4] *Micron Tech., Inc. v. Rambus, Inc.*, 409 F. Supp. 3d 552, 558 (D. Del. 2006).
[5] *Frazer v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116-17 (3d Cir. 2003).
[6]*In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

granted under any set of facts consistent with the allegations . . . ."[7]  Thus, the issue is not whether Zippertubing will succeed at trial on the proposed additional allegations, but whether it has sufficiently pled such allegations which support a claim.  No prejudice or undue delay has been urged by Parker.[8]

Because the patent application process is *ex parte,* patent applicants and their counsel, or those involved in the preparation and prosecution of patent applications, owe a duty of candor and good faith to the PTO.  The breach of that duty may render a patent unenforceable for inequitable conduct.[9]  To *prove* unenforceability by inequitable conduct, "the alleged infringer must provide clear and convincing evidence of (1) affirmative misrepresentations of a material fact, the failure to disclose material information, or submission of false material information and (2) an intent to deceive."[10]  In analyzing whether inequitable conduct occurred, the court balances the levels of materiality and intent.

Because inequitable conduct is a claim sounding in fraud, Rule 9(b) applies which requires the elements of inequitable conduct to be pled with particularity.[11]

Inequitable conduct allegations, however, "remain subject to the liberal pleading

---

[7]*In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 397 (3d Cir. 2000).

[8] Nor could either be argued since Parker had notice of the inequitable conduct allegations through the companion case and limited discovery has been taken by the parties to date.

[9] *M. Eagles Tool Warehouse, Inc. v. Fisher Tolling Co.*, 439 F.3d 1335, 1339 (Fed. Cir. 2006); 37 CFR § 1.56.

[10] *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 488 F.3d 1366, 1374 (Fed. Cir. 2006).

[11] *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990) ("'Materiality does not presume intent, which is a separate and essential component of inequitable conduct.'" (quoting *Allen Organ Co v. Kimball Int'l, Inc.*, 839 F.2d 1556, 1557 (Fed. Cir. 1988)).

standard of Rule 8, which requires only a 'short and plain' statement of a claim or

defense," the purpose of which is to place the opposition on notice of the misconduct

charged.[12]   Therefore, "'pleadings that disclose the name of the [allegedly withheld]

relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of

Rule 9(b).'"[13]   Moreover, case law recognizes that potential relevance to materiality and

intent includes undisclosed information in co-pending patent applications of the same

patentee and prosecuting attorney, where there is substantial similarity of the subject

matter or involves something that a reasonable examiner would want to consider.[14]   In

its proposed amendment, Zippertubing raises the existence of alleged substantial

similarity.

**Analysis**

Zippertubing's first inequitable conduct defense is directed to non-disclosure of

the Truong application, which resulted in the '137 patent.   Zippertubing maintains that

the '137 patent is directed to "a species of EMI flame retardant gaskets disclosed and

claimed in the Cameron applications" which resulted in the patents-in-suit.   As a result,

the Truong application and its file history appear to be material to the examination of

the Cameron applications and should have been disclosed during their prosecution.[15]

---

[12] *McKesson Information Solutions, LLC v. The Trizetto Group, Inc.*, 2005 WL 914776, at *3 (D. Del. Apr. 20, 2005); *TruePosition, Inc. v. Allen Telecom, Inc.*, 2003 WL 151227, at *5 (D. Del. Jan. 21, 2003).

[13] *France Telecom S.A. v. Novell, Inc.*, 2002 WL 31355255, at *3 (D. Del. Oct. 17, 2002) (quoting *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996)).

[14] *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 919-21 (Fed. Cir. 2007).

[15] The parties reference the applications by the names of the Examiners involved.  Both the Truong and Cameron applications were prosecuted by Parker.

Parker's arguments against the amendment requires the court to weigh evidence which is not the standard followed for amendment of the pleadings.

Zippertubing's second ground of inequitable conduct alleges inconsistent representations in the Cameron and Truong applications.  Parker's opposition raises factual disputes, specifically regarding materiality which relies in part on claim construction.  Parker relies on factual contentions which would require the court to weigh the arguments.

Under the third ground for inequitable conduct, Zippertubing claims that Parker and/or its counsel failed to disclose the Petras prior art to Examiner Cameron which had been cited by Examiner Truong and the materiality of that prior art to the Cameron applications, and thus the patents-at-issue.  In opposition, Parker makes evidentiary arguments that Petras has limited relevancy to certain dependent claims and is cumulative.

In arguing against intent, Parker relies on factual contentions, which would require the court to weigh the evidence.  Further, a high level of materiality and the absence of a credible explanation for the non-disclosure proves deceptive intent both of which may be shown through discovery process, but should not be discounted as non-existent at the pleading stage.

In this jurisdiction, to meet the requirements of Rule 9(b), Zippertubing need only disclose the relevant material information and the acts of the alleged fraud to apprise Parker of "'what is being alleged in a manner sufficient to permit responsive

pleadings.'"[16]   Zippertubing's proposed affirmative defenses disclose at least that much in its twenty-eight paragraph amendment.

Therefore, consistent with the findings contained herein,

IT IS ORDERED and ADJUDGED that Zippertubing's motion for leave to file an amended answer and counterclaim to the first amended complaint (D.I. 56) is GRANTED.  Zippertubing shall file its amended answer on or before **October 6, 2008.**


Dated:  September 24, 2008            /s/ Mary Pat Thynge
                                      UNITED STATES MAGISTRATE JUDGE

---

[16] *France Telecom*, 2002 WL 3135525, at *3 (quoting 5 *Wright & Miller* § 1296 (1990)); *see also McKesson*, 2005 WL 914776, at *3.